## B. GONZALES *v.* THE STATE.

1. ACCOMPLICE TESTIMONY. — The testimony of one accomplice cannot be corroborated by that of another.
2. SAME. — See testimony of a State's witness held so to implicate him as to subject his testimony to the necessity of corroboration.

APPEAL from the District Court of Cameron. Tried below before the Hon. J. C. RUSSELL.

The charge against the appellant was that, well knowing that certain property of J. C. Northrup had been stolen by John Raymond and F. Gonzales, he received and concealed the same. The property consisted of a ship's chronometer, worth $200, and a quantity of clothing. Appellant was found guilty as charged, and a term of two years in the penitentiary was assessed as his punishment.

Northrup, as appears by the evidence, was the master of a schooner lying at Point Isabel, in Cameron County, when, about August 22, 1880, the property in question was stolen from the vessel. Raymond had been the cook of the

schooner, but was discharged by Northrup a few days before the theft. He was a witness for the State, and testified that he and one Florentino Garcia committed the theft, and that they took the articles at night to the house of the appellant and asked him to keep them; and he said he would do so, and would buy them. Raymond further stated that the appellant knew that the articles had been stolen.

Octaviano Garcia, testifying for the State, said that Raymond and Florentino Gonzales were at witness's house the night the theft was committed, and they asked witness to help them rob the schooner. He told them he was afraid of the consequences, and refused to take any part, telling them also to look out for the consequences. Two days after the theft, witness and Florentino left Point Isabel for Brownsville. Witness and the appellant live about eighty steps apart, and witness, about two days before the theft, gave some wood to the appellant, who took it and piled it about half-way between their houses. Witness told Capt. Northrup, at Brownsville, where the articles were, having himself been informed by Florentino.

A. C. Howell, justice of the peace at Point Isabel, testified that Northrup telegraphed to him from Brownsville to search the appellant's premises for the stolen property. Witness searched the house and found no trace of it, and then examined the pile of wood, and from under it he unearthed the stolen articles. Before finding them he asked the appellant whose wood it was, and the appellant replied without hesitation that it was his, and said that he put it where it was.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. The conviction in this case was for receiving and concealing stolen goods, knowing them to have been stolen.

Independent of the fact that the goods were discovered buried underneath the wood-pile of defendant, which wood-pile was equidistant between the house of defendant and that of the State's witness Garcia, there is little if any other evidence tending to corroborate the testimony of the accomplice Raymond, so far as it went to implicate the defendant in the crime charged. To our minds the other evidence is just as strong, if not stronger, to fix the guilt of receiving and burying them upon the witness Garcia. At all events, Garcia's own statement of his knowledge of and connection with the transaction gives his position so questionable a character with regard to the matter as that his evidence also should be held and treated as that of a *particeps criminis*, needing corroboration to the same extent as that of the accomplice. He was advised beforehand that the robbery was about to be committed, and only declined, as he states, participating in it, not because it was a crime, but " because he feared the consequences." He knew the crime had been committed, but he made no disclosure until he had reached Brownsville, where he implicates the defendant, and at his instance the magistrate at Point Isabel was telegraphed to search the premises of defendant. At the time he made this disclosure the evidence seems to indicate that he was himself in jail, charged with complicity in the robbery. In this inference, however, we may be mistaken. The very wood under which the stolen property was concealed had been given by him to defendant before he started to Brownsville.

If he be treated as a *particeps criminis*, then his testimony, unless also corroborated, would add nothing to the strength of that of the accomplice Raymond, because the evidence of one accomplice cannot be corroborated by that of another. *Heath* v. *The State*, 7 Texas Ct. App. 464.

We do not think the judgment in this case is based upon sufficient satisfactory evidence of an unsuspicious and un-

·questionable character, as disclosed in the record, and the judgment is therefore reversed and the cause remanded for ·a new trial.

*Reversed and remanded.*